

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 02-13-00470-CR**
**02-13-00471-CR**

JOSE LUIS ACOSTA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## ABATEMENT ORDER

-----------

The reporter's record was originally due on November 19, 2013. On January 13, 2014, the court granted court reporter Sheila Walker's request for an extension to file the reporter's record, making the record due February 5, 2014. The court stated in this order that no further extensions would be granted.

On February 13, 2014, and again on April 15, 2014, Walker uploaded a reporter's record via the Texas Appeals Management and E-filing System (TAMES) web portal that did not include all exhibits. On both occasions, Walker

attempted to submit the remaining exhibits to the court in their original form instead of filing them in an electronic format via the TAMES web portal as mandated by appendix C to the Texas Rules of Appellate Procedure and the Uniform Format Manual for Texas Reporters' Records.

On May 14, 2014, as authorized by appendix C of the Texas Rules of Appellate Procedure, the court posted guidelines for filing reporter's records to the court's website. On May 15, 2014, the court ordered Walker to file the reporter's record in compliance with appendix C to the Texas Rules of Appellate Procedure, the Uniform Format Manual for Texas Reporters' Records, and the guidelines posted on the court's website on or before **May 27, 2014**, or to be prepared to show cause why she should not be held in contempt.

The guidelines for reporter's records posted to the court's website set forth the following procedure for a court reporter to follow when attempting to submit exhibits that are unable to be duplicated electronically:

> If a court reporter cannot upload a legible electronic copy of an exhibit via the TAMES web portal, the court reporter must include the exhibit number on a separator page along with the following statement: "EXHIBIT UNABLE TO BE DUPLICATED ELECTRONICALLY." In addition, at the same time that the court reporter files the reporter's record, *the court reporter must also file a motion* for leave to submit the exhibits that were unable to be duplicated electronically in the form of physical media. *This motion must attach the court reporter's sworn affidavit* that 1) states that the court reporter was unable to file the exhibit electronically and 2) details the efforts made by the court reporter in an attempt to file the exhibit electronically. Such efforts should include contacting the court reporters' liaison and/or the party that offered the exhibit in the

trial court for assistance in duplicating the file in an electronic format suitable for uploading to the TAMES web portal.

*Information on Electronic Filing*, Second Court of Appeals, http://www.2ndcoa.courts.state.tx.us/efiling/efile_news.asp (last updated May 14, 2014) (emphasis added).

On May 24 and 25, 2014, Walker again uploaded a reporter's record via the TAMES web portal that did not include all exhibits. Specifically, the reporter's record did not duplicate the content of State's Exhibits 49, 82, and 83. Despite the guidelines' requirement that Walker file a motion for leave to submit these exhibits in the form of physical media, the reporter's record instead states that Walker has filed each of these exhibits with the district clerk's office. Also contrary to the guidelines' requirements, Walker did not submit her sworn affidavit that 1) states that she was unable to file each of these exhibits electronically and 2) details the efforts that she made in an attempt to file each of these exhibits electronically, including contacting the court reporters' liaison and/or the party that offered the exhibits in the trial court for assistance. Thus, Walker has failed to file the complete, compliant reporter's record in a timely manner as ordered by this court.

Accordingly, we abate these appeals and remand the cases to the trial court. The trial court shall immediately, **but no later than 5:00 p.m. on Wednesday, June 4, 2014,** conduct a hearing with the attorneys of record and court reporter Sheila Walker present. Walker shall bring with her to the hearing

3

State's Exhibits 49, 82, and 83. The trial court shall use whatever means are required to ensure Walker's personal appearance at the show cause hearing with State's Exhibits 49, 82, and 83, including, if necessary, the issuance of a capias.

**Walker is hereby notified that because she faces possible confinement and a fine should this court hold her in contempt, she has a right to have counsel appear with her in the show cause hearing. At this hearing, the trial court shall further admonish Walker of her rights.**

Walker shall show cause at this hearing why she should not be held in contempt of this court for failing to comply with our May 15, 2014 order. *See* Tex. Gov't Code Ann. § 21.002 (West 2004). The trial court shall ask Walker to detail on the record at the hearing her reasons and motivations for failing to file the motion and affidavit in compliance with the guidelines for filing reporter's records as ordered by this court. The trial court shall also determine the following on the record at the hearing:

- Whether Walker contends that State's Exhibits 49, 82, and 83 cannot be electronically duplicated;

- Whether Walker made any efforts to file State's Exhibits 49, 82, and 83 electronically and, if so, what efforts were made;

- Whether Walker contacted the court reporters' liaison for assistance in duplicating State's Exhibits 49, 82, and 83 in an electronic format suitable for uploading to the TAMES web portal;

- Whether Walker contacted the attorneys for the State for assistance in duplicating State's Exhibits 49, 82, and 83 in an electronic format suitable for uploading to the TAMES web portal; and

4

- When Walker can duplicate State's Exhibits 49, 82, and 83 in an electronic format suitable for uploading to the TAMES web portal or otherwise follow the guidelines and rules referenced above for each exhibit that is unable to be duplicated, or whether the duty of filing State's Exhibits 49, 82, and 83 should be reassigned to another court reporter. If the trial court determines that a reassignment is necessary, the trial court shall reassign the duty, set a deadline for filing the exhibits in compliance with the above-referenced rules and guidelines no later than fourteen days after the date of the hearing on this matter, notify the replacement court reporter in writing, or on the record at the hearing, of the reassignment and deadline, and immediately transfer State's Exhibits 49, 82, and 83 from Walker to the newly assigned reporter.

The trial court shall make all findings necessary to aid this court in determining whether to hold Walker in contempt and shall file a record of the hearing in this court on or before **Friday, June 27, 2014**. This record of the hearing shall include a supplemental clerk's record and supplemental reporter's record. On our receipt of the supplemental record from the hearing, the appeal of this cause shall be automatically reinstated without further order. After the appeal is reinstated, we shall determine whether to hold Sheila Walker in contempt.

The clerk of this court shall transmit a copy of this order to court reporter Sheila Walker via certified mail return receipt requested and electronic mail, the attorneys of record, the trial court clerk, and the trial court judge.

DATED May 28, 2014.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

5